**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DIVINA DUEY, et al,** | No   C-05-4040 VRW |
| Plaintiffs, | ORDER |
| v | |
| **AMBER BARBOSA, et al,** | |
| Defendants. | |

On October 6, 2005, defendants filed notice to remove this action from Contra Costa county superior court.  Doc ##1, 3-4.  Removal was based on plaintiffs' first amended complaint, which was served on September 9, 2005, and which alleged, inter alia, violations of the Truth in Lending Act, 15 USC § 1501, et seq; Federal Reserve Regulation Z, 12 CFR § 226.1, et seq; Real Estate Settlement Procedures Act, 12 USC § 2601, et seq and Regulation X, 24 CFR § 3500.1, et seq.  Doc #1, Ex B.

On October 27, 2005, plaintiffs and defendants Fidelity National Title Company ("Fidelity"), Fremont Investment and Loan, New Century Financial Corporation ("New Century"), Fasa Uwhuba and

1 Noro Okunday stipulated to allow plaintiffs to amend their
2 complaint. Doc #18. Defendants Amber Barbosa ("Barbosa"), Patric
3 Cuspard ("Cuspard") and Prominent Funding did not join in the
4 stipulation. On November 10, 2005, the court granted plaintiffs
5 leave to amend their complaint. Doc #21. On November 30, 2005,
6 plaintiffs filed a second amended complaint ("SAC"), which did not
7 include any federal claims. SAC (Doc #24).

8      Two motions filed by Barbosa and Cuspard ("B&C") are
9 currently pending: a motion to vacate the order granting
10 plaintiffs leave to file the SAC (Doc #23) and a motion to quash
11 service of the SAC (Doc #25). Additionally, both New Century and
12 Fidelity have filed motions to dismiss the SAC (Doc ##26, 30). For
13 the reasons stated below, the court DENIES B&C's motion to vacate,
14 DENIES B&C's motion to quash service, DENIES AS MOOT New Century's
15 motion to dismiss and DENIES AS MOOT Fidelity's motion to dismiss.
16 As there are no federal claims in the SAC and no reason to retain
17 supplemental jurisdiction over the state law claims, the court
18 REMANDS the case to Contra Costa county superior court.

19
20      I

21      In their motion to vacate the order granting plaintiffs
22 leave to file the SAC, B&C state that they "did not sign the
23 stipulation upon which the order was granted, despite intimations
24 within the written stipulation that all parties had stipulated to
25 allowing [p]laintiffs to amend their complaint for a second time."
26 Doc #23 at 5. Accordingly, B&C assert that the stipulation at the
27 base of the order violated both Civ L R 7-12, which states in part
28 that "[e]very stipulation requesting judicial action must be in

writing signed by all affected parties or their counsel," and FRCP 15(a), which states in part that after a party has amended its pleading once as a matter of course, the "party may amend the party's pleading only by leave of the court or by written consent of the adverse party." Moreover, B&C argue that the stipulation violates the state court judge's mandate for expedience, that granting leave to amend would unduly prejudice B&C by depriving them of the opportunity to oppose the filing of the SAC and that the SAC did not cure deficiencies in the first amended complaint. Doc #23 at 5, 7, 10-11.

FRCP 15(a) provides a liberal stance toward allowing amendments, particularly when, as here, an amendment seeks to add claims rather than parties. Union Pac RR Co v Nevada Power Co, 950 F2d 1429, 1432 (9th Cir 1991). "In the absence of any apparent or declared reason —— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc —— the leave sought should, as the rules require, be 'freely given.'" Foman v Davis, 371 US 178, 182 (1962) (quoting FRCP 15(a)).

Many courts have held —— and this court agrees —— that an amended complaint may be accepted as properly introduced, even if the moving party did not follow procedural formalities, if leave to amend would otherwise have been granted and defendant is not prejudiced by allowing the change. Sapiro v Encompass Ins, 221 FRD 513, 517 (ND Cal 2004) ("[M]any courts have accepted untimely amended pleadings, even when the relevant party did not first

3

obtain judicial permission or the consent of the opposing party."); <u>Ritzer v Gerovicap Pharmaceutical Corp</u>, 162 FRD 642, 644 (D Nev 1995) ("The Court finds that it may consider this [amended] pleading served without judicial permission as properly introduced if the Court would have granted leave to amend the pleading had it been sought."); <u>Straub v Desa Industries, Inc</u>, 88 FRD 6, 8-9 (MD Pa 1980) ("Permitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal amendment policies of Rule 15(a) and the general policy of minimizing needless formalities.").

In this case, B&C have not provided any convincing reason why this court would have denied plaintiffs leave to amend. B&C have not provided any evidence that plaintiffs acted in bad faith, or that plaintiffs were dilatory. Although B&C claim that plaintiffs' SAC did not cure certain "legal, factual, and procedural problems" in the FAC, B&C do not specify what those problems are. And B&C's assertion that the state court judge requested that the parties act expediently does not bear on whether this court should grant leave to amend.

Moreover, B&C's assertion of undue prejudice is not persuasive. B&C never opposed the stipulation nor alerted the court about their omission from the stipulation, even though they both filed motions before the court after the stipulation was filed (Doc ##19, 20). And B&C did not file their motion to vacate until November 30, 2005 –– over a month after the stipulation had been filed, twenty days after leave to amend had been granted and the same day that plaintiffs filed the SAC. B&C's dilatory behavior suggests that they were not, in fact, unduly prejudiced by granting

4

leave to amend.

Accordingly, based on the liberal stance of FRCP 15(a) in allowing amendment and the absence of any countervailing factors, the court in all likelihood would have granted a motion for leave to amend. Hence, the failure of B&C to join the stipulation is not fatal to plaintiffs' SAC, and the court DENIES B&C's motion to vacate.

## II

B&C also filed a motion to quash service of the SAC, rehashing the argument that plaintiffs improperly amended their complaint without first receiving leave of the court. Doc #25. According to B&C, because "there has been no Court order granting [p]laintiffs the right to serve their Second Amended Complaint on [B&C] * * * service of the [complaint] should be quashed." Id at 6.

Quashing service might be appropriate if the sufficiency of service were at issue. In the cases cited by B&C, quashing service was a less harsh alternative to dismissing the complaint under FRCP 12(b)(5) for failure to meet the sufficiency of process requirements of FRCP 4. Hickory Travel Sys v Tui Ag, 213 FRD 547, 553 (ND Cal 2003); R Griggs Group v Filanto Spa, 920 F Supp 1100, 1102 (D Nev 1996); see also Montalbano v Easco Hand Tools, Inc, 766 F2d 737, 740 (2d Cir 1985); Derfner v Cosgrove, 2005 US Dist LEXIS 24565, at *9 (ND Cal 2005).

In this case, however, B&C challenge neither the contents of the summons nor the manner of service of the complaint. Rather, B&C apparently seek to quash service as a roundabout way of

5

challenging the court's decision to grant plaintiffs leave to amend. But the proper way to challenge this decision would have been to oppose the stipulated motion, or to file a motion to vacate the court's decision, as B&C did. When the act of service is not at issue, quashing service is inappropriate. Accordingly, the court DENIES B&C's motion to quash service.

### III

The court notes that plaintiffs eliminated all federal claims in the SAC, which only has California state law claims. 28 USC § 1367(c)(3) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a [supplemental] claim * * * [if] the district court has dismissed all claims over which it has original jurisdiction." And 28 USC § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The Ninth Circuit has held that these provisions give federal courts discretion either to retain or to remand a case after all federal claims have been dismissed. <u>Albingia Versicherungs AG v Schenker Int'l</u>, 2003 US App LEXIS 24302, *13-15 (9th Cir 2003). When determining whether to retain supplemental jurisdiction, the court is guided by the values "of economy, convenience, fairness, and comity." <u>Acri v Varian Assocs</u>, 114 F3d 999, 1001 (9th Cir 1997) (en banc) (quoting <u>Allen v City of Los Angeles</u>, 92 F3d 842, 846 (9th Cir 1996)) (internal quotation marks omitted). Nonetheless, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors * * * will point toward declining to exercise jurisdiction over the

remaining state-law claims." <u>Executive Software N Am v United States Dist Court</u>, 24 F3d 1545, 1553 n4 (9th Cir 1994) (emphasis omitted) (quoting <u>Carnegie-Mellon Univ v Cohill</u>, 484 US 343, 350 n7 (1988)) (internal quotation marks omitted).

  The court finds that remanding this case is the most appropriate course of action.  Exercising supplemental jurisdiction would neither promote judicial economy nor convenience to the parties because the case is still in its early stages —— the case was removed only a few months ago, plaintiffs' SAC was filed about one month ago and the parties have yet to appear before this court. And aside from New Century's current motion to dismiss, the court has yet to consider any dispositive motions in this case. Moreover, a California state court would be better able than this court to deal with the California state-law issues in this case. Accordingly, the court REMANDS this case to Contra Costa county superior court.  Both New Century's and Fidelity's motions to dismiss are DENIED AS MOOT without prejudice.

IV

  In sum, the court DENIES B&C's motion to vacate (Doc #23), DENIES B&C's motion to quash service (Doc #25), DENIES AS MOOT New Century's motion to dismiss (Doc #26) and DENIES AS MOOT Fidelity's motion to dismiss (Doc #30).  The court REMANDS the case to Contra Costa county superior court.  The clerk is DIRECTED to close the file and TERMINATE all motions.

//
//
//

7

IT IS SO ORDERED.

_____
**VAUGHN R WALKER**
**United States District Chief Judge**